```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JUAREZ E. BARRETO,

                Plaintiff,

        -against-                        MEMORANDUM & ORDER
                                         09-CV-3515(JS)(AKT)

VALETIN ROUFF, SUFFOLK COUNTY,
SUFFOLK COUNTY POLICE DEPARTMENT,

                Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:     Juarez F. Barreto, Pro Se
                   475285
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, NY 11901

For Defendants:    No Appearance
```

SEYBERT, District Judge:

        Juarez F. Barreto ("Plaintiff"), a frequent filer in this Court, proceeding pro se, commenced this action against Valetin Rouff, the County of Suffolk, and the Suffolk County Police Department ("Defendants").[1] Plaintiff alleges that Defendants violated his constitutional rights when he was not permitted to consult with a lawyer during a police questioning. Accompanying Plaintiff's Complaint is a request to proceed in forma pauperis.

---

[1] Plaintiff's pro se civil cases in this Court alone include: Barreto v. Massa, et al., 05-CV-4857 (E.D.N.Y. filed 10/12/05); Barreto v. Calahan, et al., 05-CV-5023 (E.D.N.Y. filed 10/27/05); Barreto v. Harvey, et al., 05-CV-5365 (E.D.N.Y. filed 11/15/05); Barreto v. Dennis Dillon, et al., 05-CV-5401 (E.D.N.Y. filed 11/16/05); Barreto v. Plotkin, et al., 05-CV-5675 (E.D.N.Y. filed 12/05/05); and Barreto v. Eggers, et al., 09-CV-4059 (E.D.N.Y. filed 09/08/09).

Upon review of Plaintiff's application, the Court GRANTS Plaintiff in forma pauperis status. See 28 U.S.C. § 1915(a). However, for the reasons discussed below, Plaintiff's Complaint is dismissed against Suffolk County Police Department and Suffolk County.

BACKGROUND

Plaintiff alleges that on September 2, 2009, while visiting with his parole officer, he was advised that members of the Suffolk County Police Department were on their way to charge him for his involvement in a February 2008 crime. Plaintiff alleges that he was "handed over" to Detective Rouff and driven to the Suffolk County Police Precinct. In addition, Plaintiff alleges that, during the car ride and subsequent questioning at the Precinct, he was denied access to an attorney, despite his repeated requests. Plaintiff states that Detective Rouff told him that he had to sign a confession before he would get an attorney or be allowed to make a phone call. (Compl. ¶¶ 1-3.) Finally, Plaintiff alleges that after his arrest, more than five hours passed before he was read his Miranda rights. Among other things, Plaintiff seeks five million dollars in relief as well as an order of protection against Officer Rouff.

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that

2

the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Since Plaintiff is incarcerated and seeks relief against government officials, 28 U.S.C. § 1915A also requires that the Court dismiss the Complaint sua sponte if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts are obliged to construe the pleadings of a pro se Plaintiff liberally, particularly allegations of civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant

leave to amend the complaint.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).  Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8.  Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him.  See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal.  See Alfaro Motors, 814 F.2d at 887.

A.  Section 1983

Plaintiff does not specify the nature of his lawsuit other than alleging that Defendants violated Plaintiff's Fifth and Fourteenth Amendment Constitutional rights.  Thus, according to its duty to liberally construe Plaintiff's Complaint, the Court interprets Plaintiff's allegations as seeking to state a claim

4

under 42 U.S.C. § 1983. That section provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); Giordano v. City of New York, 274 F.3d 740, 750 (2d Cir. 2001).

Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-

]making channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

1. Claims Against the Suffolk County Police Department

A local police department, such as the Suffolk County Police Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. 2006) (citations omitted). Plaintiff's claims against the Suffolk County Police Department are thus more appropriately raised against Defendant Suffolk County. Accordingly, Plaintiff's claims against the Suffolk County Police Department are DISMISSED with prejudice.

2. Claims Against Suffolk County

As noted above, when bringing a Section 1983 claim against a municipality, a plaintiff must plead an official policy or custom that caused the plaintiff's constitutional rights to be violated. Here, Plaintiff fails to allege any facts to show a municipal policy or custom deprived Plaintiff of a constitutional right. Accordingly, Plaintiff's claims against Suffolk County are DISMISSED.

3. Claims Against Detective Rouff

Construing the Complaint to raise the strongest arguments it suggests, as required, this Court finds that Plaintiff's

Complaint is not frivolous or malicious within the meaning of 28 U.S.C. § 1915 as applied to Detective Rouff. Plaintiff alleges, albeit in a conclusory fashion, that he was denied the opportunity to consult with a lawyer during a police interrogation. The allegations, liberally construed, are sufficient to allow this action to go forward against Rouff alone.

III. Leave to Amend

When addressing a pro se complaint which, with a liberal reading, gives some indication that a valid claim could be stated, a district court should not dismiss the case without granting leave to amend at least once. See Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, where it is beyond doubt that plaintiff can prove no set of facts to support his amended claims, "'[f]utility' is a valid reason for denying a motion to amend . . . ." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations omitted).

Even with the most liberal reading of the Complaint, the Court finds that the Complaint is completely devoid of any viable cause of action against the Suffolk County Police Department, and any amendment would therefore be futile. Accordingly, the Court declines to grant leave to amend against this Defendant and the Clerk of Court is ordered to terminate this party. As for Defendant Suffolk County, Plaintiff has until November 30, 2009 to

amend his claims against Suffolk County in accordance with this Order. Failure to amend will result in dismissal of the Complaint as against Suffolk County, with prejudice. If Plaintiff is seeking to file a habeas petition, he should clearly indicate his intention to do so.

Plaintiff is directed that his Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Should Plaintiff file an Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each Defendant, and the relief he is seeking with respect thereto. The allegations must be short, plain, and concise. In addition, Plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he

alleges in the Amended Complaint. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Based on the foregoing, it is ORDERED, that Plaintiff's request to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED, that the Superintendent of the facility in which Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the agency holding Plaintiff in custody shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account; and it is

further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that the Clerk of the Court must forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendants Suffolk County and Detective Rouff, without prepayment of fees; and it is further

ORDERED, that Defendant Detective Rouff must answer the Complaint, see 42 U.S.C. § 1997e(g); and it is further

ORDERED, that the claims against Suffolk County Police Department, are DISMISSED with prejudice; and it is further

ORDERED, that the claims against Suffolk County, are DISMISSED without prejudice.  Plaintiff has until November 30, 2009 to file his Amended Complaint in accordance with this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  17 , 2009
       Central Islip, New York